[959 NYS2d 221]

In the Matter of MICHAEL SPREI, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 30, 2013

### APPEARANCES OF COUNSEL

*Diana M. Kearse*, Brooklyn, for petitioner.
*Pery Krinsky*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent acknowledges in his affidavit that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress by anyone, that he is represented by counsel, that he has consulted with his counsel regarding the decision to resign, and that he is fully aware of the implications of its submission.

The respondent acknowledges that he was served with the petition, which contained a charge that he converted funds entrusted to him as a fiduciary to his own use and benefit. He acknowledges that he cannot successfully defend himself on the merits against the charge. He apologizes to the Court and to his clients, and regrets the pain he has caused his family. He vows to abstain from gambling, which allegedly, in part, led to and resulted in the disciplinary proceeding.

The respondent's resignation is submitted subject to any application by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of this Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The respondent requests that his resignation be accepted and that his name be stricken from the roll of attorneys nunc pro tunc to the date he received the notice of interim suspension, January 12, 2012. The Grievance Committee objects to the inclusion of that request in the respondent's affidavit of resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately. The respondent's request that his name be stricken nunc pro tunc is denied, and the disciplinary proceeding authorized by decision and order on motion of this Court dated January 6, 2012 is discontinued in light of the respondent's resignation.

ENG, P.J., RIVERA, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the resignation of Michael Sprei is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Sprei is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Michael Sprei shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Sprei shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Michael Sprei has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that Michael Sprei's request that his name be stricken nunc pro tunc is denied; and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated January 6, 2012 is discontinued.